# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-660V
Filed: December 6, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
GAYLE E. GAGNE,                    *
                                   *
            Petitioner,            *    Damages Decision Based on Proffer;
v.                                 *    Influenza ("Flu"); Shoulder Injury
                                   *    Related to Vaccine Administration
SECRETARY OF HEALTH                *    ("SIRVA");
AND HUMAN SERVICES,                *    Special Processing Unit ("SPU")
                                   *
            Respondent.            *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Kathy Lee, Cline, Farrell, et al., Indianapolis, IN*, for petitioner.
*Ann Martin, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On June 3, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") to her left shoulder following a September 16, 2014 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 24, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a SIRVA. On December 2, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded a lump sum payment of $241,384.78 in the form of a check payable to petitioner, Gayle E. Gagne; $6,012.38 in the form of a check payable jointly to petitioner and OrthoIndy; $17,772.70

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in the form of a check payable jointly to petitioner and Indiana Orthopaedic Hospital; and $6,740.78 in the form of a check payable jointly to petitioner and Athletic & Therapeutic Institute.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards**

- **A lump sum of $241,384.78, representing future unreimbursable medical expenses ($25,391.00), pain and suffering ($200,000.00), and past unreimbursable medical expenses ($15,993.78), in the form of a check payable to petitioner, Gayle E. Gagne.**
- **A lump sum payment of $6,012.38 representing compensation for past unreimbursable expenses payable jointly to petitioner, Gayle E. Gagne, and OrthoIndy, P.O. Box 6284, Indianapolis, IN, 46206-6284, Acct: 2047151.**
- **A lump sum payment of $17,772.70 representing compensation for past unreimbursable expenses payable jointly to petitioner, Gayle E. Gagne, and Indiana Orthopaedic Hospital, P.O. Box 6018, Indianapolis, IN, 46206-6018, Acct: V00000745185.**
- **A lump sum payment of $6,740.78 representing compensation for past unreimbursable expenses payable jointly to petitioner, Gayle E. Gagne, and Athletic & Therapeutic Institute, P.O. Box 371863, Pittsburgh, PA, 15250-7863, Acct: 868605.**

Proffer at 3-4.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                        )
GAYLE E. GAGNE,                         )
                                        )
            Petitioner,                 )
                                        )   No. 16-660V
        v.                              )   Chief Special Master Dorsey
                                        )   ECF
SECRETARY OF HEALTH AND                 )
HUMAN SERVICES,                         )
                                        )
            Respondent.                 )
_____)

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

   A.    Future Unreimbursable Medical Expenses

For the purposes of this proffer, the term "vaccine-related" is as described in the Chief Special Master's Ruling on Entitlement dated August 24, 2016. The parties agree that petitioner will incur future unreimbursable medical expenses resulting from her vaccine-related injury due to an upcoming surgical procedure and subsequent physical therapy, which will take place in the year 2017. Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$25,391.00** to cover the costs of these future unreimbursable medical expenses. Petitioner agrees.

   B.    Lost Earnings

The parties agree that based upon the evidence of record, petitioner has not been subject to compensable lost earnings in the past nor will she sustain future lost earnings due to her vaccine-related injury.

  C. Pain and Suffering

Respondent proffers that petitioner should be awarded **$200,000.00** in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

  D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents past unreimbursable expenses in the form of reimbursement owed to petitioner to cover payments that petitioner has already made to medical care providers for her vaccine-related injury, as well as outstanding balances due to such providers. Respondent proffers that petitioner is entitled to total past unreimbursable expenses in the amount of $46,519.64. The allocation of this amount is as follows:

 1. Respondent proffers that a check for **$15,993.78** should be made payable to petitioner.

 2. Respondent proffers that a check for **$6,012.38** should be made payable jointly to petitioner and OrthoIndy.

 3. Respondent proffers that a check for **$17,772.70** should be made payable jointly to petitioner and Indiana Orthopaedic Hospital.

 4. Respondent proffers that a check for **$6,740.78** should be made payable jointly to petitioner and Athletic & Therapeutic Institute.

Petitioner agrees.

  E. Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

**II. Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments, as described below, and request that the special master's decision and the Court's judgment award the following:[1]

    A.  A lump sum payment of $241,384.78, representing future unreimbursable medical expenses ($25,391.00), pain and suffering ($200,000.00), and past unreimbursable medical expenses ($15,993.78), in the form of a check payable to Gayle E. Gagne, petitioner;

    B.  A lump sum payment of $6,012.38 representing compensation for past unreimbursable expenses, payable jointly to Gayle E. Gagne, petitioner, and

> OrthoIndy
> P.O. Box 6284
> Indianapolis, IN  46206-6284
> Acct:  2047151

Petitioner agrees to endorse this payment to OrthoIndy.

    C.  A lump sum payment of $17,772.70 representing compensation for past unreimbursable expenses, payable jointly to Gayle E. Gagne, petitioner, and

> Indiana Orthopaedic Hospital
> P.O. Box 6018
> Indianapolis, IN  46206-6018
> Acct:  V00000745185

Petitioner agrees to endorse this payment to Indiana Orthopaedic Hospital.

    D.  A lump sum payment of $6,740.78 representing compensation for past unreimbursable expenses, payable jointly to Gayle E. Gagne, petitioner, and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering

Athletic & Therapeutic Institute<br>
P.O. Box 371863<br>
Pittsburgh, PA  15250-7863<br>
Acct:  868605

Petitioner agrees to endorse this payment to Athletic & Therapeutic Institute.

### III. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---:|
| A. | Lump Sum paid to petitioner: | $ 241,384.78 |
| B. | Lump Sum paid jointly to petitioner and OrthoIndy: | $ 6,012.38 |
| C. | Lump Sum paid jointly to petitioner and Indiana Orthopaedic Hospital: | $ 17,772.70 |
| D. | Lump Sum paid jointly to petitioner and Athletic & Therapeutic Institute: | $ 6,740.78 |

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

s/ ANN D. MARTIN
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel.: (202) 307-1815

DATED:  December 2, 2016